OPINION *Page 2 
{¶ 1} Appellant, Robert Martin, is an inmate at the North Central Correctional Institution. On January 2, 2007, appellant filed a complaint against appellees, Sheila Henderson, cashier at the Richland Correctional Institution (hereinafter "RCI"), Charles Broome, Business Administrator 3 at RCI, and Kelly Rose, Inspector of Institutional Services at RCI. Appellant claimed appellees improperly withdrew amounts from his inmate account at RCI to pay unpaid filing fees in his court cases. Appellant alleged the funds constituted protected income deposited from a spendthrift trust. Appellant claimed appellees violated R.C. 2329.66 et seq., R.C. 2969.22 et seq., and Ohio Adm. Code 5120-5-03
et seq. Appellant also alleged claims under 42 U.S.C. § 1983, and alleged a "RICO enterprise," incorporating the following state law claims: R.C. 2921.42(A) tampering with computer records, R.C. 2921.45(A) conspiring to interfere with constitutional rights, R.C. 2921.41 theft in office, and R.C. 2921.13 falsification. Appellant also claimed tortuous interference with expectancy of inheritance, fraudulent concealment, deceit against public policy and public right doctrine, and tortuous interference with a contract. Appellant asserted claims of equal protection and negligence on behalf of those similarly situated. Appellant sought declaratory judgment, injunctive relief, and monetary damages.
 {¶ 2} On February 12, 2007, appellees filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(1) and (6), lack of jurisdiction over the subject matter and failure to state a claim upon which relief can be granted, and failure to meet the mandatory pleading requirements under R.C. 2969.25(A). On March 7, 2007, appellant filed a motion for summary judgment. By judgment entry filed April 9, 2007, the trial *Page 3 
court granted appellees' motion to dismiss and rendered appellant's motion for summary judgment moot.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "A TRIAL COURT ABUSES ITS DISCRETION WHEN IT APPLIES ERRONEOUS LAW TO DISMISS A § 1983 FEDERAL CLAIM."
 {¶ 5} This case comes to us on the accelerated calendar governed by App.R. 11.1 which states the following in pertinent part:
 {¶ 6} "(E) Determination and judgment on appeal
 {¶ 7} "The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 {¶ 8} "The decision may be by judgment entry in which case it will not be published in any form."
 I {¶ 9} Appellant claims the trial court erred in dismissing his complaint because his causes of action were not subject to dismissal pursuant to Civ.R. 12(B)(1). We disagree.
 {¶ 10} Civ.R. 12(B)(1) states the following:
 {¶ 11} "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at *Page 4 
the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter * * *."
 {¶ 12} Appellant's complaint acknowledges appellees are state employees. Appellant alleges RICO violations and violations of42 U.S.C. § 1983 against appellees in their individual and state capacities. The averments of the complaint include actions by appellees as employees of the state of Ohio.
 {¶ 13} R.C. Chapter 2743. governs Court of Claims. R.C. 2743.02(F) states the following:
 {¶ l4} "(F) A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action. The officer or employee may participate in the immunity determination proceeding before the court of claims to determine whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code.
 {¶ 15} "The filing of a claim against an officer or employee under this division tolls the running of the applicable statute of limitations until the court of claims determines whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code." *Page 5 
 {¶ 16} In turn, R.C. 9.86 provides the following in pertinent part:
 {¶ 17} "Except for civil actions that arise out of the operation of a motor vehicle and civil actions in which the state is the plaintiff, no officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."
 {¶ 18} As such, appellant's claims for tortuous interference with expectancy of inheritance, fraudulent concealment, deceit, tortuous interference with a contract, and negligence are limited to the exclusive jurisdiction of the Court of Claims.
 {¶ 19} The RICO allegations can only be initiated by the state. See, R.C. 2923.31 et seq. R.C. 2923.34 limits these causes of action to the state.
 {¶ 20} Upon review, we find the trial court did not err in granting the Civ.R. 12(B)(1) dismissal, as proper jurisdiction is vested in the Court of Claims
 {¶ 21} The sole assignment of error is denied. *Page 6 
 {¶ 22} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
 Farmer, J., Hoffman, P.J. and Wise, J. concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. *Page 1